IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |  |
|---|---|---|---|
| JAMAAL HICKS | * |  |  |
| v. | * | CIVIL NO.: | WDQ-10-3347 |
|  | * | CRIMINAL NO.: | WDQ-99-0520 |
| UNITED STATES OF AMERICA |  | CRIMINAL NO.: | WDQ-09-0226 |
|  | * |  |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Jamaal Hicks's motion for extraordinary writ, seeking to vacate various convictions.[1] For the following reasons, the motion will be denied in part and dismissed without prejudice in part.

I.  Background

In 1999, a Maryland circuit court sentenced Hicks to a five-year suspended sentence and three years probation after he pled guilty to possession of controlled dangerous substances ("CDS").  WDQ-99-0520, ECF No. 52 at 3.

On May 17, 2000, U.S. District Judge Frederic N. Smalkin sentenced Hicks to 70 months imprisonment and two years supervised release after he pled guilty to possession of a firearm by a convicted felon.  *Id.*, ECF No. 21.  On May 21, 2001, Hicks moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255; his motion was denied on May 23, 2001.  *Id.*, ECF Nos. 22–23.  On June 11, 2001, Hicks appealed.  *Id.*, ECF No. 25.  On September 14, 2001, the Fourth Circuit dismissed the appeal and denied a certificate of appealability.  *See* CA4-01-6999.

On May 14, 2004, the Western District of Virginia sentenced Hicks to 210 months

---

[1] No hearing is necessary.  *See* Local Rule 105.6 (Md. 2010).

imprisonment and three years supervised release after he was convicted of assaulting a federal employee. Criminal No. 2-03-100088 (D. W. Va.). The Fourth Circuit affirmed the conviction, but remanded the case for resentencing. CA4-04-7397. On August 28, 2007, the Western District of Virginia amended the judgment to 40 months imprisonment and three years supervised release.

On April 27, 2009, Hicks's supervision on release was transferred to this Court. *See* WDQ-09-0226. On February 24, 2010, Hicks was charged with second-degree assault in Anne Arundel County. On October 1, 2010, the Court revoked Hicks's supervised release after he admitted violating his terms of supervision. *See* WDQ-99-0520, WDQ-09-0226.

On November 19, 2009, Hicks filed a *pro se* "motion for extraordinary writ" under 28 U.S.C. § 1651, seeking to "dismiss[]" his (1) felon in possession conviction, (2) CDS state conviction, and (3) federal employee assault conviction. WDQ-99-0520, ECF No. 52 at 5.

II. Hicks's Motion

A. Hicks Is Not Entitled to *Coram Nobis* Relief

Under the All Writs Act, 28 U.S.C. § 1651, a defendant who seeks to challenge a federal "conviction and sentence when [he] is no longer in custody [under] that conviction" may petition for a writ of error *coram nobis*. *United States v. Grandison*, 84 F. App'x 287, 287–88 (4th Cir. 2003); *Towner v. Arizona*, 22 F. App'x 906, 906 (9th Cir. 2001). Because this "extraordinary remedy"[2] may only be used under "compelling" circumstances to "achieve justice,"[3] the petitioner must show:

---

[2] *Coram nobis* is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Id.*

[3] *United States v. Mandel*, 862 F.2d 1067, 1074–75 (4th Cir. 1988).

2

> (1) a more usual remedy is not available;
> (2) valid reasons exist for not attacking the conviction earlier;
> (3) [sufficient] adverse consequences . . . to satisfy the case or controversy requirement of Article III; and
> (4) the error is of the most fundamental character.

*United States v. Bazuaye*, No. 09-7965, 2010 WL 4366456, at *1 (4th Cir. 2010).

    1.    Felon in Possession Conviction

Because Hicks is no longer in custody under his 2000 felon in possession conviction, he presumably seeks *coram nobis* relief. Although he argues that this Court lacked "authority and jurisdiction" to sentence him, he does not provide any facts that establish any of the *Bazuaye* factors. He merely describes the Federal Rules of Civil Procedure, constitutional amendments, the Due Process Clause, and the Uniform Commercial Code. *See* WDQ-99-0520, ECF No. 52 at 1–5. Because Hicks has made no showing that would justify the "extraordinary remedy" of *coram nobis* relief, *Mandel*, 862 F.2d at 1074–75, § 1651 relief must be denied.[4]

    2.    State CDS Conviction

Because federal *coram nobis* relief is "available only to challenge federal convictions," Hicks cannot challenge his 1999 Maryland CDS conviction under § 1651. *See Towner*, 22 F. App'x at 906.

Habeas relief under 28 U.S.C. § 2254 is also unavailable. It appears that Hicks is no longer "in custody" for this conviction. *See id.* § 2254(a). Had he been, he has not shown that the state adjudication resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established federal law" determined by the United States Supreme Court; or (2) "based on an unreasonable determination of the facts in light of the evidence pre-

---

[4] Had Hicks been in custody, the Court would have lacked jurisdiction to consider the motion as a second § 2255 motion because: (1) the motion is untimely; and (2) the Fourth Circuit never gave him permission to file it. *See United States v. Sheppard*, No. 10-6679, 2010 WL 3096283,

3

sented in the State court proceeding." 28 U.S.C. § 2254(d).

B. Hicks May Be Entitled to § 2255 Relief

1. Federal Employee Assault Conviction

Hicks is in custody for his 2004 Western District of Virginia conviction for assault on a federal employee. To the extent Hicks challenges the conviction's validity, the Court will construe his motion as a § 2255 petition and dismiss it without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 2255(a); *Castro v. United States*, 540 U.S. 375, 381 (2003). Because the Western District of Virginia imposed the conviction, he must file the § 2255 petition there.

2. Revocation of Supervised Release

If Hicks seeks to challenge the revocation of his supervised release for his federal employee assault conviction, he must file a separate § 2255 motion. *See* Rule 2(d) of *Rules Governing Section 2255 Proceedings in the United States District Courts*. The Clerk of the Court will send Hicks § 2255 petition forms.

C. Certificate of Appealability

Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from

---

at *1 (4th Cir. Aug. 9, 2010).

seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

Because Hicks has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Hicks's motion will be denied in part and dismissed without prejudice in part.

| | |
|---|---|
| January 7, 2011<br>Date |         /s/<br>William D. Quarles, Jr.<br>United States District Judge |